**Alterman & Boop LLP**

35 Worth Street
New York, New York
10013-2935
212-226-2800
Fax: 212-431-3614

**Daniel L. Alterman
Arlene F. Boop**

Nina Koenigsberg
Carolyn Goodwin



# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/06

December 22, 2005

Via Facsimile: 212-805-7930

Honorable James C. Francis, IV
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Nicholas Albertson et al., v. The City of New York et al.</u>,
             05-CV-7692 (KMK) (JCF)

Dear Magistrate Judge Francis:

    We are counsel to Plaintiffs in the above-referenced matter. As we brought to Your Honor's attention at the discovery status conference yesterday, Defendants have served a subpoena seeking Plaintiffs' criminal record history ("rap sheets") on the Division of Criminal Justice Services. We write to request that Your Honor quash the subpoena and/or direct counsel to withdraw the subpoena for failure to comply with Rule 45(b). In the alternative, Plaintiff requests that Your Honor issue a protective order pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3)(A)(iv) to quash the subpoena as it is overbroad, seeks confidential and irrelevant material and imposes an undue burden on Plaintiffs.

    Pursuant to Local Civil Rule 37.3 the parties conferred by telephone in an effort to resolve this dispute.[1]

<u>The Subpoena was Served without Prior Notice</u>

    Plaintiffs' counsel received a letter, dated December 13, 2005, from Defendants' counsel attaching the subpoena and proof of service stating that said subpoena had **been served** by mail on the Division of Criminal Justice Services on December 13, 2005. (Exhibit A).

---

[1] Plaintiffs' counsel offered Defendants' counsel the opportunity to withdraw the subpoena and permit Plaintiffs to review the "rap sheets" and redact irrelevant information, but Defendants' counsel did not agree.

**Alterman & Boop LLP**

Fed. R. Civ. P. 45(b) provides, in part, that "**prior** notice of any commanded production of documents and things . . . shall be served on each party in the manner prescribed by Rule 5(b)." (emphasis added). The 1991 Advisory Committee Note concerning this provision states that the purpose of the prior notice requirement is "to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Given this explanation, district courts in this Circuit have held that Rule 45(b)(1) requires that "notice be given **prior to the issuance** of the subpoena, not prior to its return day." Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411-12 (S.D.N.Y. 2000) (emphasis added); accord Murphy v. Board of Ed. of the Rochester City Sch. Dist., 196 F.R.D. 220, 222-23 (W.D.N.Y. 2000). In Murphy, the District Court quashed the subpoenas which had been issued in violation of the prior notice rule and directed that any material which had been provided pursuant to the subpoenas be turned over to opposing counsel. Id. at 222.

In failing to provide Plaintiffs with prior notice of the subpoena, Defendants created a scenario where said documents could be produced to them before Plaintiffs would have time to object. Thus the subpoena must be quashed and any documents already received by Defendants' counsel in response to the subpoena be immediately turned over to Plaintiffs' counsel.

The Information Sought is Irrelevant, Overbroad and Places an Undue Burden on Plaintiffs

Defendants' subpoenas for Plaintiffs' "rap sheets" are overbroad and not "relevant to the claim or defense of any party" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Citicorp and Citicorp Services, Inc. v. Interbank Card Assoc., 87 F.R.D. 43, 47(S.D.N.Y. 1980) ("Rule 45(d)(1) which governs discovery of documents and things from a non-party witness, expressly incorporates Rule 26(b)(1), which governs discovery from parties). "[A] subpoena which calls for the production of irrelevant material, should not be enforced." Palumbo v. Shulman, No. 97 Civ. 4314, 1998 U.S. Dist. LEXIS 16009 *1, *10 (S.D.N.Y. Oct. 13, 1998).

Defendants can not, at this time, demonstrate any need for the subpoenaed material and have no good faith basis upon which to demand same. At this point in the litigation the parties have not served each other with document requests or interrogatories and Defendants have not sought the information requested in the subpoena from the parties themselves. Defendants have no basis to believe that any criminal histories exist. This subpoena is nothing more than a fishing expedition.

Assuming, arguendo, that these documents are relevant to the issue of damages, Defendants' wholesale demand for Plaintiffs' entire criminal history record to date is improper.[2] First, the subpoena seeks criminal record histories that **post-date** the incidents underlying this lawsuit. These records, which Plaintiffs do not concede exist, can not possibly be relevant to the issue of damages incurred in this lawsuit as any arrest would by necessity have occurred

---

[2] Plaintiffs have already provided Defendants with the requested 160.50 authorizations for sealed records related to the arrests which are, in part, the subject matter of this lawsuit.

**Alterman & Boop LLP**

afterwards. Any prior unrelated arrests, which Plaintiffs do not concede exist, have no bearing on the damages Plaintiffs suffered as a result of Defendants' conduct during the Republican National Convention as the events and the police conduct which led to any prior arrests, assuming any exist, may have occurred in a completely different context. These subpoenas appear to solely be an attempt to dig up information which could possibly be prejudicial to the Plaintiffs.

For the above stated reasons, Plaintiffs respectfully request that this Court quash the subpoena and/or direct Defendants to withdraw same and any documents that have been produced be turned over to Plaintiffs.

Very truly yours,

ALTERMAN & BOOP, LLP

By: _____
CAROLYN GOODWIN [CG4747]

cc:    Jed Weiss Esq. (via fax)

12/28/05

Application granted. The subpoena is quashed because the City failed to give plaintiff proper advance notice. The fact that DCJS is not required to respond to the subpoena for 3 weeks does not remedy the defect, since it could always respond earlier. In addition, the subpoena is overbroad in that it seeks arrest information postdating the incidents that gave rise to the instant litigation. The City may reserve a properly narrow subpoena upon adequate notice.

SO ORDERED.

James C. Francis IX
USMJ

EX. A



MICHAEL A. CARDOZO
*Corporation Counsel*

The City of New York
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

NATALIA MALINA
(212) 788-4115
Fax: (212) 788-9776
nmalina@law.nyc.gov

December 13, 2005

Daniel L. Alterman, Esq.
Alterman & Boop
35 Worth Street,
New York, NY 10013

          Re:    ALBERTSON, et al v. NYC, et al
                 05CV7692 (KMK)(JCF)

Dear Mr. Alterman:

      Enclosed please find a courtesy copy of the subpoena for your clients' criminal record history sent to the Division of Criminal Justice Services.

                                       Very truly yours,

                                       Natalia Malina
                                       Paralegal
                                       Special Federal Litigation Division

cc:    Jay A. Kranis
       Senior Counsel

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

ALBERTSON, et al

v.

CNY, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05CV7692
(KMK)(JCF)

TO: Division of Criminal Justice Services
State of New York
4 Tower Place, 5th Floor
Albany, New York 12203
ATTN: Roberta Iwanski

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Criminal Record History ("rap sheet") schedule of criminal defendants/civil plaintiffs

| PLACE | DATE AND TIME |
|---|---|
| New York City Law Department<br>100 Church Street, New York, New York 10007<br>Attn: Natalia Malina | January 5, 2006 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Jay A. Kranis<br>Senior Counsel<br>Attorney for Defendants | DATE<br>12/14/05 |
|---|---|

NYC Law Department, 100 Church Street
New York, New York 10007 (212) 788-8683
ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

## Schedule of criminal defendants/civil plaintiffs

| No | Title | Plaintiffs' Name | Date of Birth | SS No: |
|----|-------|------------------|---------------|--------------|
| 1. | Mr. | Albertson, Nicholas | | Not provided |
| 2. | Mr. | Miller, Jeffrey | | |
| 3. | Ms. | Epstein, Griffin | | Not provided |
| 4. | Ms. | Lang, Gabrielle | | Not provided |
| 5. | Ms. | Esquivel, Jenny | | Not provided |

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | December 13, 2005 | Division of Criminal Justice Services<br>State of New York<br>4 Tower Place, 5th Floor<br>Albany, New York 12203 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **ROBERTA IWANSKI** | MAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Natalia Malina | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

100 Church Street
ADDRESS OF SERVER

New York, NY 10007

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

i. requires disclosure of privileged or other protected matter and no exception or waiver applies, or

ii. subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.